A90A0230, A90A0231. ARROW EXTERMINATORS, INC. v. RADTKE et al.; and vice versa.
(395 SE2d 271)

DEEN, Presiding Judge.

These appeals arise from an action brought by the Radtkes (appellees in Case No. A90A0230 and cross-appellants in Case No. A90A0231) against Arrow (appellants in Case No. A90A0230 and appellees in Case No. A90A0231) alleging damage to realty, personalty, and the health of the family members, as a result of Arrow's alleged misapplication of toxic chemicals to the Radtkes' residence. The Radtkes produced evidence that at least a portion of the insecticidal chemicals used to treat their new house was applied in a manner not in conformity with applicable guidelines and standards; that the family had been troubled by a strong odor which, contrary to Arrow's reassurances, had persisted for months; that members of the family had exhibited a number of physical symptoms not inconsistent with exposure to such chemicals as those applied by Arrow to various areas of the house; and that the realtor whom they had asked to list the house for sale had informed them that, after studying the scientific reports on the house and consulting with other professionals, she must decline to accept the listing because the property was unmarketable.

Arrow alleged that the Radtkes' allegations were groundless or exaggerated and were not supported by the medical and other scientific evidence adduced. The trial of the case lasted nine days. At the close of the Radtkes' evidence Arrow moved for a directed verdict on all counts. The court directed verdicts for Arrow on the fraud and trespass counts but denied the motion on the issues of breach of contract, breach of warranty, negligence, and punitive damages. The jury returned a verdict as follows: for Mrs. Radtke, $185,000 in compensatory damages and $100,000 in exemplary damages; for Mr. Radtke, $50,000 in compensatory damages and $10,000 in exemplary damages; and for their daughter, Heather, $35,000 in compensatory damages and $20,000 in exemplary damages. The court also found for the Radtkes on a claim by an individual not a party to these cross-appeals. Arrow enumerates as error (1) the trial court's denial of Arrow's motion for mistrial after the testimony of one of the Radtkes' scientific witnesses; (2) the trial court's refusal to require plaintiffs' counsel to produce certain documents allegedly requested in a motion to produce; (3), (6), (10) the denial of certain motions *in limine*; (4), (5), (6), (7) the denial of Arrow's motions for directed verdict on several grounds; (8) the court's permitting a certain plaintiffs' witness to testify over objection; (9) the denial of Arrow's motion to bifurcate; and (11) the trial court's permitting Mrs. Radtke to offer an opinion of the house's value on the day the family moved out. In their cross-appeal the Radtkes filed three enumerations for the purpose of preserving them in case a new trial were to be ordered. *Held*:

1. We have reviewed the pertinent sections of the record and transcript and find no error in the trial court's rulings on the motions for bifurcation, for directed verdicts, and for mistrial. Likewise, we find no reversible error inherent in the trial court's evidentiary rulings, particularly those (such as the ruling objected to in Arrow's eleventh enumeration) where other evidence to the same effect had previously been admitted or as to which the parties had stipulated. We find no merit in any of appellant's enumerations and therefore affirm the judgment in Case No. A90A0230.

2. Our determination in Division 1, supra, renders moot the cross-appellants' enumerations in Case No. A90A0231. Therefore, the appeal from the trial court in Case No. A90A0231 is dismissed.

*Judgment affirmed in Case No. A90A0230. Appeal dismissed in Case No. A90A0231. Pope and Beasley, JJ., concur.*

DECIDED MAY 29, 1990 —
REHEARING DENIED JUNE 19, 1990.

*Greene, Buckley, DeRieux & Jones, John D. Jones, Francis C.*

*Schenck,* for appellant.

*Kilpatrick & Cody, Robert E. Shields, Alan R. Perry, Jr., Bivens & Hoffman, L. Brown Bivens,* for appellees.